**INTERNATIONAL WIRE, Plaintiff-Appellant,**

v.

**LOCAL 38, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Defendant-Appellee.**

No. 72-1688.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 31, 1973.

Decided March 20, 1973.

---

Louis S. Belkin, Cleveland, Ohio, Jeffrey A. Belkin, Belkin & Belkin Co., L. P. A., Cleveland, Ohio, on brief, for plaintiff-appellant.

Thurlow Smoot, Cleveland, Ohio, for defendant-appellee.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Appellant International Wire appeals from the dismissal of its § 303 complaint on appellee's motion for summary judgment. Labor-Management Relations Act, 29 U.S.C. § 187 (1970). Appellant had charged Local 38, International Brotherhood of Electrical Workers with a secondary boycott. Appellant simultaneously filed proceedings in the form of an unfair labor practice before the National Labor Relations Board and the instant § 303 action in the United States District Court for the Northern District of Ohio.

A full hearing was held before an NLRB Trial Examiner. The Trial Examiner and the Board found that no unfair labor practice, as charged in the complaint, had been proved and dismissed the complaint.

Thereafter appellee filed a motion for summary judgment in the District Court action, asserting that under the determination by the Board, appellant's § 303 complaint was either barred by the doctrine of res judicata or appellant was collaterally estopped from denying the findings and conclusions of the NLRB.

In two well-reasoned memorandum opinions which dealt appropriately with the authorities relied upon by appellant, the District Judge found that the issues before the Labor Board and the issues in the instant action were identical. He found the Labor Board decision had become final and no petition to review same had been filed by appellant in this court, as provided by law. He also found that there was no contention in this case that plaintiff had been denied a full and fair hearing at the administrative level. He thereupon granted the motion for summary judgment dismissing plaintiff's complaint.

We believe the doctrine of collateral estoppel applies to bar this § 303 action under the reasoning set forth in the Memorandum Opinions of the District Judge and under the authority cited by him therein. United States v. Utah Construction and Mining Co., 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966); Tipler v. duPont Co., 443 F.2d 125 (6th Cir. 1971).

The judgment of the District Court is affirmed.